The opinion of the court was delivered by
Watkins, J.
The indictment is for burglary and larceny in a single count. The case went to a jury, who returned a verdict finding the defendants guilty of larceny, whioh was read by the clerk, who was immediately instructed by the court not to record the same 'as a verdict, and the juiY were directed to retire and “find a verdict according to the instructions given them," the court, at the same time, reminding them that it “had not submitted to them for their' finding, whether the defendants were guilty of larceny or not, as an independent offence, and that their finding was not responsive."
The jury retired and again considered the case, without arriving at any conclusion, and, on the following day, the judge discharged them, ex proprio motu. Three days later the cause was reassigned for trial, but before the jury were empanneled, counsel for the accused filed several pleas in ■ bar to a further prosecution under the indictment, viz: first,- once in jeopardy, by the trial just adverted to; second, autrefois convict of the crime of petit larceny; third, autrefois acquit of the crime of burglary. To these pleas the District Attorney filed a demurrer, to the effect that the matters were insufficient in law to bar' a further prosecution. This demu,rrer was sustained by the trial judge, the pleas in bar were overruled by him, and the accused were tried and found guilty of burglary and larceny. Counsel retained a bill of exceptions to the judge’s rulings; and, after the trial, filed a motion in arrest of judgment, substantially, on the same grounds as those stated in the pleas in bar, and it was, also, overruled.
On this state of the record the question for decision is, whether the finding of the first jury was or not a valid verdict, such a one as the court was bound to accept at their hands; or had the judge the right to instruct the clerk not to record the one tendered, as a verdict, and direct the jury to retire and consider the case again, and find such a-verdict as would conform to the instructions given in his charge.
*757 The reasons assigned by the judge below are set out at length in his written opinion, and they may be summarized as follows, vis!
1. That counsel for the accused was present and heard the charge that was given to the jury, and made no objection to it, nor did he request any special instructions to the jury.
2. That if the verdict of the jury is not in keeping with the instructions of the court, and does not find the facts charged by the judge to be material to a conviction, but returns the accused guilty of a crime not included in or covered by his instructions to them, he has the legal right to instruct the clerk not to record such verdict, and to decline to receive it at their hands, and to recommit them with instructions.
8. That the requirement of the judge to give the jury a knowledge of the law applicable to the case, and to avoid the statement of abstract principles impertinent to the facts proven in the case, imposes on him the duty of determining what legal principles are at issue, under the pleadings. Hence, if there is, in his opinion, no evidence whatever to support any given charge, the judge has authority to prevent such charge going to the jury.
Or, in other words, if the finding is not responsive to his charge, or be rendered through mistake, the judge should not receive the verdict, but should send the jury back with explanations.
4. He assigns as his reason in this case, for his refusal to accept the verdict rendered by the first jury, that the crime of larceny, as an independent offence, was not submitted for the consideration of the jury, because “ there was an entire failure of evidence tending to prove the charge of larceny.”
5. That, in such an indictment, the crime of larceny is not necessarily connected with burglary, and that a verdict which is silent as to the crime of burglary, and only finds the accused guilty of larceny, is responsive to only a part of the charge, and therefore the court ought not to receive it.
After careful consideration of the written opinion of the District Judge, we deem it our duty to say, with due respect to his learning and judicial ability, that if his theory be correct, the verdict of the jury, in any given case, would be completely under his control, in spite of the law, which declares that the jury shall be the sole and exclusive judges of the facts. For what becomes of the power of a jury to judge of the facts, if the judge has the authority to decline to *758 receive a verdict, because, in Ms opinion, it is not in keeping with Ms charge, and does not find the facts charged by Mm to be material to a conviction, but returns the accused guilty of a crime not included in or covered by his charge ?
Or, if he has the right to decline to receive a verdict because, in his opinion, there had been an insufficient amount of evidence introduced to establish a given charge in an indictment, and which he had declined to submit for the consideration of the jury ? If the trial judge possesses such power and right of supervision, his judgment would dominate that of the jury over the facts of a case completely. Surely, this can not be the law in this State.
When a trial has been had upon a valid indictment, and to which no objection has been urged, and, after hearing the evidence and the charge of the judge, the jury return a verdict, the accused is entitled, as matter of right, to have it recorded, and the judge is without authority to set same aside ex proprio motu, because he is of opinion that the evidence justified a different one, and was not sufficient to justify the one which was returned. The only way in which such a verdict can be brought before him for review is by a motion for a new trial or one in arrest of judgment. We are at a loss to perceive what the judge’s charge has to do with the verdict, so long as neither the State or the accused have made any complaint about it.
The judge has no control over the submission of the case. His direction of the trial ceases with the rendition of his charge to the jury.
The defendants’ plea in bar should have been sustained, and all further proceedings discontinued after the first verdict was brought into court.
The Constitution declares that “ no person shall be * * * twice put in jeopardy of life, or liberty, for the same offence, except on his own application for a new trial, or when there has been a mistrial, or a motion in arrest of judgment is sustained.” Const., Art. 5.
The defendants made no complaint of the first verdict. They certainly made no motion for a new trial. There was no mistrial, because there was a unanimous verdict. They filed no motion in arrest of judgment.
On the plainest principles of construction, the second trial of the accused on the same indictment did put the liberty of the accused in jeopardy the second time, in direct violation of the bill of rights. *759 They were legally convicted of larceny, and their pleas of autrefois convict of larceny and autrefois acquit of burglary should have been sustained, and the motion to arrest the judgment of the court under the second verdict should have prevailed.
It is, therefore, ordered and decreed that the judgment and decree appealed from be annulled, set aside, that the former verdict finding the defendants guilty of larceny be reinstated and that the cause be remanded for further proceedings according to law.